UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

THOMAS G. TUCKER,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DR. ROBERT HOFFMAN, MARIA, ZAMPELLA, and THOMAS R. FRIEDEN,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

07 Civ. 10367 (NRB)(JCF)

Defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and THOMAS R. FRIEDEN ("City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege as follows:[1]

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff has stated that his home address is 106 Bennett Place, Staten Island, New York 10312 on New York City Department of Health and Mental Hygiene ("DOHMH") personnel documents.

---

[1] Upon information and belief, the individual defendants Dr. Robert Hoffman and Maria Mercurio-Zappala, incorrectly sued herein as Maria Zampella, have not been properly served and therefore, they are not represented by this office at this time.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York ("City") is a municipal corporation, duly organized and existing under the laws of the State of New York.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that DOHMH is an agency of the City of New York and respectfully refer the Court to § 551 of the New York City Charter for a complete and accurate description of the powers, duties, and responsibilities of the DOHMH.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the New York City Poison Control Center was established in or about 1955.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Dr. Robert Hoffman is the Director of the New York City Poison Control Center and had held that position since on or about December 1, 1994.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Maria Mercurio-Zappala is a pharmacist at the New York City Poison Control Center and has held that position since on or about January 27, 1987.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Thomas R. Frieden is the Commissioner of the DOHMH and has held that position since on or about January 29, 2002.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that jurisdiction of this Court is appropriate.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that venue of this Court is appropriate.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff allegedly learned or observed while employed by DOHMH.

14. Deny knowledge or information sufficient to form a belief to the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief to the allegations set forth in paragraph "15" of the complaint, except admit that on or about November 14, 2005, plaintiff was hired by the DOHMH as a Poison Information Specialist.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff verbally informed defendants Hoffman and Mercurio-Zappala of the existence of rodents and insects, and that said offices were routinely baited and sprayed to control such rodents and insects.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that on or about September 10, 2007, plaintiff advised defendant Mercurio-Zappala that he was going home because his back hurt.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that on or about September 10, 2007 plaintiff advised defendant Mercurio-Zappala that plaintiff was going to the Inspector General ("I.G.") about ergonomics and the conditions of the office.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff did contact the New York City Department of Investigation ("DOI") in or about early September 2007.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff did contact the DOI in or about early September 2007 and deny knowledge and information sufficient to form a belief as to what plaintiff allegedly told the DOI investigator.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was terminated on or about September 20, 2007.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the paragraph "29" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "28" of the complaint, inclusive of all subparts, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the paragraph "34" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "33" of the complaint, inclusive of all subparts, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

37. Deny the allegations set forth in paragraph "37" of the complaint and respectfully refer the Court to the "relevant statute" for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff verbally informed defendants Hoffman and Mercurio-Zappala of the existence of rodents and insects, that said offices were routinely baited and sprayed to control such rodents and insects, and deny information or knowledge sufficient to form a belief as to what plaintiff allegedly communicated to the DOI.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny that allegations set forth in paragraph "42" of the complaint.

43. In response to the paragraph "43" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "42" of the complaint, inclusive of all subparts, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint and respectfully refer the Court to the "relevant statute" for a complete and accurate statement of its contents.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that plaintiff verbally informed defendants Hoffman and Mercurio-Zappala of the existence of rodents and insects and that said offices were routinely baited and sprayed to control such rodents and insects.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny that allegations set forth in paragraph "51" of the complaint.

52. In response to the paragraph "52" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "51" of the complaint, inclusive of all subparts, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint and respectfully refer the Court to the "relevant statute" for a complete and accurate statement of its contents.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that plaintiff verbally informed defendants Hoffman and Mercurio-Zappala of the existence of rodents and insects, that said offices were routinely baited and sprayed to control such rodents and insects.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny that allegations set forth in paragraph "60" of the complaint.

61. In response to the paragraph "61" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "60" of the complaint, inclusive of all subparts, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny that allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the paragraph "66" of the complaint, defendants repeat and reallege its responses to paragraphs "1" through "65" of the complaint, inclusive of all subparts, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint and respectfully refer the Court to the "relevant statute" for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny that allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

**FOR A FIRST DEFENSE:**

71. The complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

72. The complaint may be barred, in whole or in part, by the applicable statute of limitations.

**FOR A THIRD DEFENSE:**

73. The complaint may be barred, in whole or in part, by the failure to perform all conditions precedent to suit.

**FOR A FOURTH DEFENSE:**

74. The complaint may be barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, res judicata, collateral estoppel, judicial estoppel or any combination of these doctrines.

**FOR A FIFTH DEFENSE:**

75. Plaintiff's damages claims are barred by his failure to mitigate his damages.

**FOR A SIXTH DEFENSE:**

76. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**FOR A SEVENTH DEFENSE:**

77. Any of plaintiff's city or state law claims which accrued more than one year and ninety (90) days prior to the commencement of this action are time-barred by the applicable statute of limitations.

**FOR A EIGHTH DEFENSE:**

78. At all times relevant to the acts alleged in the Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**FOR A NINTH DEFENSE:**

79. Defendant DOHMH is not subject to an award for punitive damages.

**FOR A TENTH DEFENSE:**

80. Defendant Frieden is protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combinations of these doctrines.

## CONCLUSION

**WHEREFORE,** City Defendants respectfully requests judgment dismissing the complaint in its entirety, denying all relief requested therein, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 25, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-317
New York, New York 10007-2601
(212) 788-0960
cheer@law.nyc.gov

By: ______________________
Christopher L. Heer (CH1086)
Assistant Corporation Counsel

TO: **WALKER G. HARMAN, JR.**
Attorney for Plaintiff
1350 Broadway – Suite 1510
New York, NY 10018

07 Civ. 10367 (NRB)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS G. TUCKER,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DR. ROBERT HOFFMAN, MARIA, ZAMPELLA, and THOMAS R. FRIEDEN,

Defendants.

**ANSWER TO COMPLAINT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-317
New York, N.Y. 10007-2601

Of Counsel: Christopher L. Heer
Tel: (212) 788-0960

NYCLIS No. 2007-039695

*Due and timely service is hereby admitted.*

New York, N.Y. .............................................. , 2008

*Signed:* ..........................................................................

*Attorney for* ....................................................................