**MEMO ENDORSED**

# THE HARMAN FIRM, PC
### ATTORNEYS & COUNSELORS AT LAW

1350 BROADWAY, SUITE 1510, NEW YORK, NY 10018
TELEPHONE 212 425 2600  FAX 212 971 0417
WWW.THEHARMANFIRM.COM

APR 24 2008
UNITED STATES DISTRICT JUDGE

April 23, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

<u>**VIA FACSIMILE (212-805-7927)**</u>

Honorable Naomi R. Buchwald
United States District Judge
United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

    Re:    <u>Tucker v. City of New York, et al.</u>
            07 Civ. 10367 (NRB)(JCF)

Dear Judge Buchwald:

    I represent the plaintiff in the above-referenced action. I write in response to defendants' letter, dated April 21, 2008, in which defendants request that any discovery concerning the New York City Department of Investigation ("DOI") file and investigation be stayed until DOI has concluded its investigation. Plaintiff wholly objects to such request, and respectfully requests that your Honor issue an order compelling defendants to produce the aforementioned documents.

    Defendants' letter incorrectly asserts that the DOI investigation file is protected by the law enforcement privilege. The case to which defendants cite in their letter, <u>In re Dep't of Investigation of the City of New York v. Myerson, 856 F.2d 481 (2d Cir. 1988)</u>, is easily distinguishable from this case.

    First, <u>Myerson</u> is a criminal case in which the criminal defendant (former Commissioner of Cultural Affairs) sought to subpoena records, pursuant to Fed.R.Crim.P. 17(c), of a special investigative committee, created to investigate the defendant after she invoked her Fifth Amendment rights before a federal grand jury. Thus, the party who sought the records was the subject of the federal investigation. The Court found that disclosure of the requested records would disclose a significant part of a federal criminal investigation, and was therefore exempt from disclosure to criminal defendant under the law enforcement privilege. In the case at hand, the party seeking the records is not a criminal defendant and is not the subject of DOI's investigation.

    Moreover, "the party claiming a privilege has the burden of establishing its existence. An assertion of governmental privilege should involve specifying which documents or class of documents are privileged and for what reasons . . ." <u>U.S. v. U.S. Currency in Sum of Twenty One Thousand Nine Hundred Dollars</u>, 1999 WL 993721, 2

Judge Buchwald
April 23, 2008
Page 2 of 2

(E.D.N.Y. 1999) (internal citations omitted). Here, defendants have made no attempt to show why the privilege should be implicated in this case.

Furthermore, as this Court has held, "since the law enforcement privilege is qualified, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information. When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome." Kitevski v. City of New York, 2006 WL 680527, 3 (S.D.N.Y. 2006) (internal citations omitted).

Most importantly, the court in Kitevski found that, "since discovery **in a civil action** is not comparable to discovery in a criminal proceeding because of the nature of the issues, **no showing of need beyond relevance is necessary**." Id. (internal citations omitted) (emphasis added).

Here, there is no ongoing criminal investigation and the party requesting the documents is not a criminal defendant. The documents plaintiff is requesting are most definitely relevant, as the documents involve plaintiff's complaints to DOI, and are directly related to his claims of unlawful whistleblower retaliation. Whether or not plaintiff gains possession of the documents, it will have no effect on any criminal investigation that might occur in the future. As such, defendants' objection with respect to plaintiff's document demand for the DOI file is a wholly frivolous objection, and must be denied.

Accordingly, I respectfully request that your Honor issue an order compelling defendants to produce all documents currently in the possession of DOI that are related to plaintiff's complaints to DOI. In addition, I respectfully request that your Honor schedule a conference for the purpose of entering into a scheduling order.

Respectfully submitted,

*/s/ Walker G. Harman, Jr.*

Walker G. Harman, Jr.

Cc: Christopher L. Heer, Esq.

*[Handwritten annotation by Judge:]* Denied without prejudice. Defendant's counsel shall submit a status update on the DOI investigation every thirty days. So Ordered. [signature] 5/1/08