THE HARMAN FIRM, P.C.
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| THOMAS G. TUCKER, | 07 Civ. 10367 (NRB)(JCF) |
| Plaintiff, | |
| -against- | **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS CONCERNING DOI'S INVESTIGATION** |
| THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DR. ROBERT HOFFMAN, MARIA ZAMPELLA, and THOMAS R. FRIEDEN, | |
| Defendants. | |

-----------------------------------------------------------------------X

This motion to compel seeks production of documents concerning the investigation by the New York City Department of Investigation ("DOI") into Plaintiff's claims of financial fraud and other unlawful activity. Defendants' refusal to provide any information concerning DOI's investigation is based on a belated, conclusory and erroneous assertion of the law enforcement privilege.

For the reasons set forth in greater detail below, Plaintiff respectfully requests that the Court order Defendants to comply with Plaintiff's Document Request and produce all documents concerning DOI's investigation into Plaintiff's whistleblower claims.

The documents regarding DOI's investigation are relevant to this action, as the documents involve Plaintiff's complaints of illegal activity to DOI, and are the basis of Plaintiff's claims in this action, unlawful whistleblower retaliation. Whether Plaintiff gains

possession of the documents will have absolutely no effect on any criminal investigation that might occur in the future. However, it will be extremely difficult, if not impossible, to prove how and why Plaintiff was retaliated against, and ultimately terminated from his employment, without these documents.

In their letter to your Honor, Defendants assert a blanket objection to discovery of any information regarding the investigation based on the law enforcement privilege, without providing any justification at all. This Court has made clear that it is not required "to defer blindly to assertions made by ... official[s] regarding the existence of the law enforcement privilege." MacNamara v. City of New York, 249 F.R.D. 70, 85 (S.D.N.Y. 2008). Just as the case is here, "[a]part from the conclusory assertion that disclosure of the [documents] would hinder law enforcement efforts and ... reveal law enforcement techniques, procedures, or strategies in this case and others, the government has made no attempt to show that the values underlying the law enforcement privilege are implicated in this case." U.S. v. U.S. Currency in Sum of Twenty One Thousand Nine Hundred Dollars, 1999 WL 993721, 3 (E.D.N.Y. 1999) (internal quotations omitted).

In fact, in order to sustain this privilege, the party "seeking the protection of the privilege must first make a clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if disclosure is permitted, and they may not rely simply on generalized reiterations of the policies underlying the privilege." Schiller v. City of New York, 2008 WL 3539894, 3 (S.D.N.Y. 2008); Kunstler v. City of New York, 2005 WL 2656117, 1 (S.D.N.Y. 2005); see also MacWade v. Kelly, 230 F.R.D. 379, 381 (S.D.N.Y. 2005) (stating that party asserting law enforcement privilege "must make a clear showing of harm"); U.S. v. U.S. Currency in Sum of Twenty One Thousand Nine Hundred Dollars, 1999 WL 993721, 2

2

(E.D.N.Y. 1999) (holding that "the party claiming a privilege has the burden of establishing its existence. An assertion of governmental privilege should involve specifying which documents or class of documents are privileged and for what reasons . . ..").

Here, Defendants have not even attempted to meet this threshold, or to show why the privilege should be implicated in this case. Defendants' only basis for implicating the privilege was stated in their April 21, 2008 letter to your Honor, which was that, "DOI is in the process of conducting an active investigation into Plaintiff's complaint." As previously stated, this is nothing more than a conclusory statement with no justification or explanation. Moreover, on July 10, 2008, Defendants wrote your Honor and stated that "DOI has completed its investigation and is in the process of drafting their closing memorandum," but that the investigation nonetheless remains 'open and active.'" This word for word contradictory and conclusory language was used once again in Defendants' August 10, 2008 letter to your Honor. Defendants obviously made no inquiry into the merits of their assertions, but instead merely changed the date on the letter and resubmitted it to the Court.

Furthermore, as this Court has held, "[s]ince the law enforcement privilege is qualified, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information. When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome." Kitevski v. City of New York, 2006 WL 680527, 3 (S.D.N.Y. 2006) (internal citations omitted).

Most importantly, the Court in Kitevski found that, "since discovery **in a civil action** is not comparable to discovery in a criminal proceeding because of the nature of the issues, **no showing of need beyond relevance is necessary**." Id. (internal citations omitted) (emphasis

3

added). In fact, in a very similar scenario to the one in this case, in <u>Skibo v. City of New York</u>, 109 F.R.D. 58, 64 (E.D.N.Y. 1985), the Court found that "plaintiffs' need to uncover possible evidence of misconduct on the part of the City overcomes defendants' need for confidentiality."

Even if Defendants are permitted to assert the law enforcement privilege, that assertion should be rejected. The City has the ability to restrict public disclosures of sensitive law enforcement information through the use of a confidentiality or protective order as necessary. "It is well settled that in camera review of documents sought to be protected from discovery is an appropriate means of evaluating claims of governmental privilege." <u>U.S. v. U.S. Currency in Sum of Twenty One Thousand Nine Hundred Dollars</u>, 1999 WL 993721, 2 (E.D.N.Y. 1999).

In addition, Defendants have failed to properly invoke the law enforcement privilege. A party asserting privilege as a basis for withholding production of documents must "identify the nature of the privilege (including work product) which is being claimed," and provide extensive information including the authors, recipients, dates, and subject matter of the withheld documents. <u>Local Rule 26.2</u>. **<u>To date, Defendants have not even provided a privilege log</u>**. "The failure to comply with this rule alone may result in a determination that the non-compliant party has waived any privilege claim that otherwise might have existed." <u>Five Borough Bicycle Club v. City of New York</u>, 2008 WL 704209, 3 (S.D.N.Y. 2008); *See* <u>Kitevski v. City of New York</u>, 2006 WL 680527, 4 (S.D.N.Y. 2006) ("the failure to prepare a privilege log may result in a finding that the privilege has been waived."); <u>Morisseau v. DLA Piper</u>, 2007 WL 4292030 (S.D.N.Y. 2007); <u>In re Parmalat Secur. Litig</u>, 2005 WL 1529035 (S.D.N.Y. 2005).

Defendants fail to make the threshold showing required to establish the law enforcement privilege. The Defendants' conclusory letters fail to establish that production of documents concerning DOI's investigation would interfere with effective law enforcement. Appropriate

4

deference to the needs of law enforcement does not extend to conclusory and plainly dubious statements. Defendants need not fear that either the identities of particular public officials or operational details truly important to law enforcement confidentiality would ever become public, as Plaintiff would stipulate to a protective order that limits disclosure of such information.

**WHEREFORE,** for the reasons above, Plaintiff respectfully requests that this Court compel Defendants to produce documents concerning DOI's investigation concerning Plaintiff's whistleblower claims, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 22, 2008

_____
Walker G. Harman, Jr., Esq.
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
1350 Broadway, Suite 1510
New York, New York 10018
(212) 425-2600


TO:   Christopher L. Heer, Esq.
      The City of New York Law Department
      *Attorneys for Defendants*
      100 Church Street, Room 2-317
      New York, NY 10007

5