```
Received:                           Apr 30 2009 03:25pm
04/30/2009  16:16   2125710505      THE OTTINGER FIRM              PAGE  02
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS G. TUCKER,

                          Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, DR. ROBERT HOFFMAN, MARIA
ZAMPELLA, and THOMAS R. FRIEDEN,

                          Defendants.

------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER**

07 Civ. 10367(NRB)(JCF)

        WHEREAS, plaintiff has sought from the defendants and from the New York City Health and Hospitals Corporation ("HHC") in discovery in this action certain documents which defendants and HHC deem confidential, and

        WHEREAS, defendants and HHC object to the production of those documents unless appropriate protection for their confidentiality is assured,

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action and HHC, as follows:

        1.    As used herein, "Confidential Materials" shall mean all documents and the information contained therein relating to the (a) personnel files and timekeeping records of HHC employees Stephanie Sommers and Maria Mercurio-Zapalla (b) any documents the parties and HHC agree are subject to this order; (c) any documents that the Court directs to be produced subject to this order; and (d) any testimony concerning subsection (a), (b) and (c) documents and the information contained therein.

Fax:2127880940                May 5 2009 04:07pm P005/008

                 Received:                  Apr 30 2009 03:26pm
04/30/2009 15:16 2125710505          THE OTTINGER FIRM              PAGE 03/05

2.  Any materials that are subject to this Stipulation and Protective Order shall be prominently marked "CONFIDENTIAL" by the disclosing party.

3.  Documents and information are not Confidential Materials to the extent that they (a) are properly obtained by plaintiff from a source other than HHC or defendants herein, or (b) are otherwise publicly available.

4.  Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

5.  Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

   a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b.  Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, or to the Court.

   c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff and a copy shall be furnished to defendants' and HHC's attorneys within ten (10) days.

...

Fax:2127880940                                May  5 2009 04:01pm P006/008

Received:                        Apr 30 2009 03:25pm
04/30/2009  15:15    2125718585        THE OTTINGER FIRM                     PAGE 04/06

6. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants and HHC, at the reasonable expense of defendants and HHC. All persons who possessed such materials, other than plaintiff, shall verify such confidential materials' return by affidavit or certification furnished to defendants' and HHC's attorneys; and plaintiff shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not

3

be used by plaintiff in any other case against HHC, the City of New York, its agencies or its employees and the same shall be verified to defendants' and HHC's attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' or HHC's use of the Confidential Materials in any manner.

Dated: New York, New York
April 21, 2009

THE HARMAN FIRM, P.C.
Attorneys for Plaintiff
19 Fulton Street, Suite 408
New York, New York 10038
(212) 425-2600

By: _____
Walker G. Harman, Jr.

New York City Health and Hospitals Corp

By: _____
Mark Walter
Senior Counsel

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street, Room 2-184
New York, New York 10007
(212) 788-8688

By: _____
Ivan A. Mendez, Jr.
Assistant Corporation Counsel

_____
May 4, 2009
Date

SO ORDERED:
_____

4

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2009 in the action entitled Tucker v. City of New York, et al., 07 Civ. 10367(NRB)(JCF), or has been advised of its provisions and/or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____         _____
Date                                    Signature

                                        _____
                                        Print Name

                                        _____
                                        Occupation